1  PAUL RICHMOND(WSBA# 32306)
2  4616 25th Avenue NE, #449
3  Seattle, WA, 98105
4  (206) 526-0565
5
6  LAWRENCE A HILDES (WSBA# 35035)
7  P.O. Box 5405
8  Bellingham, WA 98227
9  Telephone: (360) 715-9788
10 Fax: (360) 714-1791
11
12 Attorneys for Plaintiffs:
13 ROBERT BARNES, JOSEPH O'CONNOR, K.L. SHANNON, ERIC WIRKMAN

14
15              **UNITED STATES DISTRICT COURT**
16              **WESTERN DISTRICT OF WASHINGTON**
17
18
19  **ROBERT BARNES**              , ) CASE NO. **CV05·1340**L
20  **JOSEPH O'CONNOR**              )
21  **K.L. SHANNON**                 ) **COMPLAINT FOR CIVIL RIGHTS**
22  **ERIC WIRKMAN**                 ) **VIOLATIONS 42 USC 1983;**
23                                   ) **FALSE**
24                                   ) **IMPRISONMENT, BATTERY,**
25                                   ) **ASSAULT, TRESPASS TO CHATTEL,**
26                                   ) **CONVERSION,**
27                                   ) **INTENTIONAL INFLICTION OF**
28                                   ) **EMOTIONAL DISTRESS, NEGILGENCE**
29      **Plaintiffs,**              )
30                                   )
31  **vs.**                          )
32                                   )
33  **CITY OF SEATTLE; SEATTLE POLICE**  )
34  **DEPARTMENT; THE LAW**              )  05-CV-01340-CMP
35  **ENFORCEMENT INTELLIGENCE UNIT**
36  **TUKWILLA POLICE DEPARTMENT,**      )
37  **BURIEN POLICE DEPARTMENT,**        )
38  **RENTON POLICE DEPARTMENT,**        )
39  **REDMOND POLICE DEPARTMENT,**       )
40  **KING COUNTY SHERIFF'S OFFICE,**    )
41  **CAPTAIN MICHAEL SANFORD,**         )
42  **individually and in his official capacity**  )
43  **as a CAPTAINOF THE SEATTLE**       )
44  **POLICE DEPARTMENT;  and JANE**     )
45  **DOE SANFORD, his wife, and the**   )
46  **marital community there of ; CHIEF R.**  )

BARNES ET AL. V. CITY OF SEATTLE, COMPLAINT                    1

FILED ____ ENTERED
LODGED ____ RECEIVED

AUG 01 2005   MR

CLERK AT SEATTLE
U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

CV5  1340 L

1   GIL KERLIKOWSKE individually and in )
2   his capacity as the CHIEF )
3   of the SEATTLE POLICE DEPARTMENT )
4   and JANE DOE KERLIKOWSKE )
5   and the marital community composed )
6   thereof; CLARK KIMERER, )
7   individually and in his capacity as )
8   a DEPUTY CHIEF of the SEATTLE )
9   POLICE DEPARTMENT And JANE DOE )
10  KIMERER and the marital )
11  community composed thereof; )
12  ASSISTANT CHIEF JIM PUGEL, )
13  individually and in his official capacity )
14  as an  ASST. CHIEF of the SEATTLE )
15  POLICE DEPARTMENT and JANE DOEW )
16  PUGEL and the marital community )
17  composed thereof; STEVE WILSKE, )
18  individually  and in his Official capacity )
19  as a LIEUTENANT OF THE SEATTLE )
20  POLICE DEPARTMENT, and JANE DOE )
21  WILSKE and the marital community )
22  composed thereof; J.K. DYMENT, )
23  individually and in her Official capacity )
24  as a SERGEANT of the SEATTLE )
25  POLICE DEPARTMENT AND JOHN DOE )
26  DYMENT, and the marital community )
27  composed thereof; A.C. PRICE, )
28  individually and in his Official capacity )
29  as a SERGEANT OF the SEATTLE )
30  POLICE DEPARTMENT, and JANE )
31  DOE PRICE and the marital community )
32  composed  thereof; G. CALDER, )
33  individually and in his Official capacity )
34  as a LIEUTENANT of the SEATTLE )
35  POLICE DEPARTMENT and JANE DOE )
36  CALDER and the marital community )
37  composed thereof; J.J. JANKAUSKAS, )
38   individually and in his official capacity )
39  as a LIEUTENANT of the SEATTLE )
40  POLICE DEPARTMENT and JANE DOE )
41  JANKAUSKAS, and the marital )
42  community thereof; M.A. COOMES, )
43  individually and in his Official capacity )
44  as a SERGEANT of the SEATTLE )
45  POLICE DEPARTMENT and JANE DOE )
46  COOMES and the marital  community )

BARNES ET AL V. CITY OF SEATTLE, COMPLAINT

2

1  thereof; D.R. LOWE, individually and in )
2  his Official capacity as a SERGEANT of )
3  the SEATTLE POLICE DEPARTMENT )
4  and JANE DOE LOWE and the marital )
5  community thereof; J.J. MAGAN, )
6  individually and in his official capacity )
7  as a SERGEANT of the SEATTLE )
8  POLICE DEPARTMENT and JANE DOE )
9  MAGAN and the marital community )
10  thereof; SGT. BRADY, individually )
11  and in his Official capacity as a )
12  SERGEANT of the SEATTLE POLICE )
13  DEPARTMENT, and JANE DOE BRADY )
14  and the marital community thereof; )
15  SGT. BROTHERTON, individually and )
16  in his Official capacity as a SERGEANT )
17  of the SEATTLE POLICE DEPARTMENT, )
18  and JANE DOE BROTHERTON and the )
19  marital community thereof;  DETECTIVE R. )
20  ROMERO, individually and in his Official )
21  capacity as a DETECTIVE of the SEATTLE )
22  POLICE DEPARTMENT and JANE DOE )
23  ROMERO and the marital community )
24  thereof; P.C. WALL, individually and in his )
25  Official capacity as an OFFICER of the )
26  SEATTLE POLICE DEPARTMENT, and )
27  JANE DOE WALL and the marital )
28  Community thereof; D.D. DARNALL, )
29  individually and in his Official capacity )
30  as an OFFICER of the SEATTLE POLICE )
31  DEPARTMENT, and JANE DOE DARNALL )
32  and the marital community thereof; R. )
33  NELSON, individually and in his Official )
34  capacity as an OFFICER of the SEATTLE )
35  POLICE DEPARTMENT and JANE DOE )
36  NELSON and the marital community thereof )
37  G. NELSON, individually and in his )
38  Official capacity as a SERGEANT of the )
39  SEATTLE POLICE DEPARTMENT, and )
40  JANE DOE NELSON and the marital )
41  Community thereof; MATTHEW M. DIESZI, )
42  Individually and in his Official capacity as )
43  an Officer of the SEATTLE POLICE )
44  DEPARTMENT and JANE DOE DIESZI )
45  and the marital community thereof; K. )
46  SWANK, individually and in his Official )

BARNES ET AL V. CITY OF SEATTLE, COMPLAINT                3

1   capacity as an OFFICER of the SEATTLE    )
2   POLICE DEPARTMENT and JANE DOE    )
3   SWANK and the marital community thereof;    )
4   TAD K. WILLOUGHBY, individually and in    )
5   his Official capacity as a SERGEANT of    )
6   the SEATTLE POLICE DEPARTMENT, and    )
7   JANE DOE WILLOUGHBY and the marital    )
8   community thereof; MICHAEL WHIDBEY,    )
9   individually and in his Official capacity as a    )
10  DETECTIVE of the SEATTLE POLICE    )
11  DEPARTMENT and JANE DOE WHIDBEY    )
12  and the marital community thereof; VERNER )
13  O'QUIN, individually and in his Official    )
14  capacity as a SERGEANT of the SEATTLE    )
15  POLICE DEPARTMENT and JANE DOE    )
16  O'QUIN and the marital community thereof;    )
17  SGT. JANDOC, individually and in his    )
18  Official capacity as a SERGEANT of the    )
19  SEATTLE POLICE DEPARTMENT and JANE )
20  DOE JANDOC and the marital community    )
21  thereof; OFFICER LANDERS, individually    )
22  and in his Official capacity as an Officer of    )
23  the SEATTLE POLICE DEPARTMENT and    )
24  JANE DOE LANDERS and the marital    )
25  community thereof; LOREN R. STREET    )
26  individually and in his Official capacity as an )
27  OFFICER of the SEATTLE POLICE    )
28  DEPARTMENT and JANE DOE STREET    )
29  and the marital community thereof; P.J. FOX, )
30  individually and in his Official capacity as an )
31  OFFICER of the SEATTLE POLICE    )
32  DEPARTMENT, and JANE DOE    )
33  FOX and the marital community            )
34  thereof; THOMAS M. MOONEY,  individually )
35  and in his Official capacity as an OFFICER )
36  of the SEATTLE POLICE DEPARTMENT,    )
37  and JANE DOE MOONEY and the marital    )
38  community thereof; K. ZEIGER, individually )
39  and in his Official capacity as an OFFICER )
40  of the SEATTLE POLICE DEPARTMENT,    )
41  and JANE DOE ZEIGER and the marital    )
42  community thereof; J.J. LEE, individually    )
43  and in his Official capacity as an OFFICER )
44  of the SEATTLE POLICE DEPARTMENT,    )
45  and JANE DOE LEE and the marital    )
46  community thereof; RIK K. HALL,    )

1  individually and in his Official capacity as        )
2  an OFFICER of the SEATTLE POLICE                     )
3  DEPARTMENT, and JANE DOE HALL and                    )
4  the marital community thereof; M. LANZ,              )
5  individually and in his Official capacity as an      )
6  OFFICER OF THE SEATTLE POLICE                        )
7  DEPARTMENT, and JANE DOE LANZ and                    )
8  the marital community thereof; PATRICIA              )
9  A. MACDONALD, individually and in her                )
10 capacity as an OFFICER of the SEATTLE                )
11 POLICE DEPARTMENT and JOHN DOE                       )
12 MACDONALD and the marital community                  )
13 thereof; WALTER M. HAYDEN, individually              )
14 and in his Official capacity as an OFFICER           )
15 of the SEATTLE POLICE DEPARTMENT,                    )
16 and JANE DOE HAYDEN and the marital                  )
17 community thereof; MARK A. GRINSTEAD,                )
18 individually and in his Official capacity as an      )
19 Officer of the SEATTLE POLICE                        )
20 DEPARTMENT, and JANE DOE GRINSTEAD                   )
21 and the marital community thereof; TOMMIE            )
22 M. DORAN, individually and in his Official           )
23 capacity as an OFFICER of the SEATTLE                )
24 POLICE DEPARTMENT and JANE DOE                       )
25 DORAN and the marital community thereof;             )
26 ADRIAN Z. DIAZ, individually and in his              )
27 Official capacity as a SERGEANT of the               )
28 SEATTLE POLICE DEPARTMENT, and                       )
29 JANE DOE DIAZ and the marital community              )
30 thereof; CHAD L. MCLAUGHLIN,                  )
31 individually and in his Official capacity as an      )
32 OFFICER of the SEATTLE POLICE                        )
33 DEPARTMENT, and JANE DOE                             )
34 MCLAUGHLIN and the marital community                 )
35 thereof; BRAD CONWAY, individually  and in)
36 his Official capacity as an Officer of the           )
37 SEATTLE POLICE DEPARTMENT, and                       )
38 JANE DOE CONWAY and the marital                      )
39 community thereof; MATTHEW BRADRICK,                 )
40 individually and in his Official capacity as an      )
41 OFFICER of the SEATTLE POLICE                        )
42 DEPARTMENT, and JANE DOE BRADRICK                    )
43 and the marital community thereof; DAVID             )
44 FITZGERALD, individually and in his Official         )
45 Capacity as an OFFICER of the SEATTLE                )
46 POLICE DEPARTMENT and JANE DOE                       )

BARNES ET AL V. CITY OF SEATTLE, COMPLAINT

1   FITZGERALD and the marital community   )
2   thereof;  RANDALL A. JOKELA, individually  )
3   and in his Official capacity as an OFFICER  )
4   of the SEATTLE POLICE DEPARTMENT,   )
5   and JANE DOE JOKELA and the marital   )
6   community thereof; GEORGE HISSUNG JR  )
7   individually and in his Official capacity as an )
8   OFFICER of the SEATTLE POLICE   )
9   DEPARTMENT, and JANE DOE HISSUNG   )
10   and the marital community thereof; JASON  )
11   G. DRUMMOND, individually and in his   )
12   Official capacity as an OFFICER of the )
13   SEATTLE POLICE DEPARTMENT, and   )
14   JANE DOE DRUMMOND and the marital   )
15   community thereof; JOHN A . DIAZ,   )
16   individually and in his Official capacity as an )
17   OFFICER of the SEATTLE POLICE   )
18   DEPARTMENT, and JANE DOE DIAZ and   )
19   the marital community thereof; OFFICER   )
20   MCCRAE, individually and in his Official   )
21   capacity as an OFFICER of the SEATTLE   )
22   POLICE DEPARTMENT, and JANE DOE   )
23   MCCRAE and the marital community thereof )
24   JAMES B. PATCHEN, individually and in   )
25   his Official capacity as an OFFICER of the  )
26   SEATTLE POLICE DEPARTMENT and JANE )
27   DOE PATCHEN and the marital community   )
28   thereof; MICHAEL M. SUDDUTH, individually )
29   and in his Official capacity as an OFFICER  )
30   of the SEATTLE POLICE DEPARTMENT,   )
31   and JANE DOE SUDDUTH and the marital   )
32   community thereof; WILLIE WILLIAMS,   )
33   individually and in his Official capacity as an )
34   OFFICER of the SEATTLE POLICE   )
35   DEPARTMENT, and JANE DOE WILLIAMS   )
36   and the marital community thereof;  W.   )
37   CRAVENS, individually and in his Official   )
38   capacity as an OFFICER of the SEATTLE   )
39   POLICE DEPARTMENT, and JANE DOE   )
40   CRAVENS and the marital community   )
41   thereof; R. BOURNES, individually and in   )
42   his Official capacity as an OFFICER of the  )
43   SEATTLE POLICE DEPARTMENT, and   )
44   JANE DOE BOURNES and the marital   )
45   community thereof; MARK L. WORSTMAN,   )
46   individually and in his Official capacity as   )

1  a SERGEANT of the SEATTLE POLICE           )
2  DEPARTMENT, and JANE DOE WORSTMAN )
3  BILL GARDINER, individually and in his      )
4  Official capacity as a LIEUTENANT of the     )
5  WASHINGTON STATE PATROL, and JANE     )
6  DOE GARDINER and the marital community   )
7  thereof; MARK W. LAMOREAUX, individually )
8  and in his Official capacity as a             )
9  LIEUTENANT of the WASHINGTON STATE     )
10 PATROL, and JANE DOE LAMOREAUX and     )
11 the marital community thereof; SHAWN        )
12 BERRY, individually and in his Official        )
13 capacity as a DETECTIVE of the             )
14 WASHINGTON STATE PATROL, and JANE     )
15 DOE BERRY and the marital community        )
16 thereof; JAMES A. CHROMEY, individually    )
17 and in his Official capacity as a             )
18 LIEUTENANT of the WASHINGTON STATE     )
19 PATROL, and JANE DOE CHROMEY and the )
20 marital community thereof; DAVID W.         )
21 BOURLAND, individually and in his Official    )
22 capacity as a TROOPER of the              )
23 WASHINGTON STATE PATROL,  and JANE    )
24 DOE BOURLAND and the marital community )
25 thereof; CURT G. BOYLE, individually and in )
26 his Official capacity as a TROOPER of the    )
27 WASHINGTON STATE PATROL, and JANE     )
28 DOE BOYLE and the marital community       )
29 thereof; RICARDO BRITO, individually and in )
30 his Official capacity as a TROOPER of the    )
31 WASHINGTON STATE PATROL, and JANE     )
32 DOE BRITO and the marital community        )
33 thereof; DARIN F. DE RUWE, individually     )
34 and in his Official capacity as a TROOPER    )
35 of the WASHINGTON STATE PATROL, and    )
36 JANE DOE DE RUWE and the marital          )
37 community thereof; BRYAN R. DUCOMMUN, )
38 individually and in his Official capacity as a )
39 TROOPER of the WASHINGTON STATE       )
40 PATROL, and JANE DOE DUCOMMUN  and   )
41 the marital community thereof; ANN E.        )
42 DUTTON, individually and in her Official      )
43 Capacity as a DETECTIVE of the            )
44 WASHINGTON STATE PATROL, and JOHN    )
45 DOE DUTTON and the marital community     )
46 thereof; KEVIN L. FORRESTER, individually  )

BARNES ET AL V. CITY OF SEATTLE, COMPLAINT

1  and in his Official capacity as a DETECTIVE )
2  of the WASHINGTON STATE PATROL, and )
3  JANE DOE FORRESTER and the marital )
4  community thereof; JOEL W. GORDON, )
5  individually and in his Official capacity as a )
6  DETECTIVE of the WASHINGTON STATE )
7  PATROL, and JANE DOE GORDON and the )
8  marital community thereof; CHRIS T. )
9  GUNDERMANN, individually and in his )
10 Official capacity as a SERGEANT of the )
11 WASHINGTON STATE PATROL, and JANE )
12 DOE GUNDERMANN and the marital )
13 community thereof; JOI  J. HANER, )
14 individually and in her Official capacity as )
15 a TROOPER of the WASHINGTON STATE )
16 PATROL, and JOHN DOE HANER and the )
17 marital  community thereof; ROGER D. )
18 HANSBERRY, individually and in his Official )
19 capacity as a TROOPER of the )
20 WASHINGTON STATE PATROL, and JANE )
21 DOE HANSBERRY and the marital )
22 community thereof; RUSSELL J. HANSON, )
23 individually and in his Official capacity as a )
24 TRROPER of the WASHINGTON STATE )
25 PATROL, and JANE DOE HANSON and the )
26 marital community thereof; JEFFREY R. )
27 KERSHAW, individually and in his Official )
28 capacity as a DETECTIVE of the )
29 WASHINGTON STATE PATROL, and JANE )
30 DOE KERSHAW and the marital community )
31 thereof; DANIEL L. MANN, individually and in )
32 his Official capacity as a DETECTIVE of the )
33 WASHINGTON STATE PATROL,  and JANE )
34 DOE MANN and the marital community )
35 thereof; GEORGE R. MARS, JR., individually )
36 and in his Official capacity as a DETECTIVE )
37 of the WASHINGTON STATE PATROL, and )
38 JANE DOE MARS and the marital community )
39 thereof; JOHN G. MCMULLEN, individually )
40 and in his Official capacity as a TROOPER of )
41 the WASHINGTON STATE PATROL and )
42 JANE DOE MCMULLEN and the marital )
43 community thereof; DARRELL R. NOYES, )
44 individually and in his Official capacity as a )
45 TROOPER of the WASHINGTON STATE )
46 PATROL, and JANE DOE NOYES and the )

BARNES ET AL V. CITY OF SEATTLE, COMPLAINT

8

1  marital community thereof; STEVEN E.  )
2  REEVES, individually and in his Official  )
3  capacity as a TROOPER of the  )
4  WASHINGTON STATE PATROL and JANE  )
5  DOE REEVES and the marital community  )
6  thereof; WESLEY H. RETHWILL, individually  )
7  and in his Official capacity as a SERGEANT  )
8  of the WASHINGTON STATE PATROL, and  )
9  JANE DOE RETHWILL and the marital  )
10  community thereof; CRAIG L. SAHLINGER,  )
11  individually and in his Official capacity as a  )
12  TROOPER of the WASHINGTON STATE  )
13  PATROL, and JANE DOE SAHLINGER and  )
14  the marital community thereof; DAVID J.  )
15  BROWNE, individually and in his Official  )
16  capacity as a SERGEANT of the  )
17  WASHINGTON STATE PATROL, and JANE  )
18  DOE BROWNE and the marital community  )
19  thereof; GARY D. GASSELING, individually  )
20  and in his Official capacity as a SERGEANT  )
21  of the WASHINGTON STATE PATROL, and  )
22  JANE DOE GASSELING and the marital  )
23  community thereof; PAUL M. STANEK III.,  )
24  individually and in his Official capacity as a  )
25  DETECTIVE of the WASHINGTON STATE  )
26  PATROL, and JANE DOE STANEK and the  )
27  marital community thereof; RICHARD A.  )
28  TAYLOR, individually and in his Official  )
29  capacity as a DETECTIVE of the  )
30  WASHINGTON STATE PATROL, and JANE  )
31  DOE TAYLOR and the marital community  )
32  thereof; GARY M. WILCOX, individually and  )
33  in his Official capacity as a DETECTIVE of  )
34  the WASHINGTON STATE PATROL, and  )
35  JANE DOE WILCOX and the marital  )
36  community thereof; OREST D. WILSON,  )
37  individually and in his Official capacity as a  )
38  DETECTIVE of the WASHINGTON STATE  )
39  PATROL, and JANE DOE WILSON and the  )
40  marital community thereof; RONALD W.  )
41  SERPAS, individually and in his Official  )
42  capacity as the CHIEF of the WASHINGTON  )
43  STATE PATROL, and JANE DOE SERPAS  )
44  and the marital community thereof; DANIEL  )
45  E. EIKEM, individually and in his OFFICIAL  )
46  capacity as a CAPTAIN of the WASHINGTON )

1  STATE PATROL, and JANE DOE EIKEM        )
2  and the marital community thereof; STEVEN  )
3  D. MCCULLEY, individually and in his Official)
4  capacity as a LIEUTENANT of the           )
5  WASHINGTON STATE PATROL, and JANE     )
6  DOE MCCULLEY and the marital community  )
7  thereof; VANCE PROCTER; MANUFACTURER)
8  OF LESS LETHAL WEAPONRY DOES 1-100   )
9  DISTRIBUTOR and/or SALES AGENT OF LESS)
10  LETHAL WEAPONRY DOES 1-100 and DOES  )
11  1-500                                                      )
12                                                               )
13        Defendants.                                      )
14  _____  )
15
16
17  Robert Barnes, Joseph O'Connor, K.L. Shannon, Eric Wirkman, the Plaintiffs herein, by
18  and through their attorneys, allege as follows:
19

20                                    **INTRODUCTION**

21        I.1      Plaintiffs are citizens of Washington who attended a demonstration which

22  took place in downtown Seattle on the evening of June 2, 2003. The Plaintiffs were

23  there to protest the policies and actions of an organization called the Law Enforcement

24  Intelligence Unit (LEIU), which had gathered intelligence on lawful activists, and or to

25  record this protest for the media. All of the Plaintiffs exercised their First Amendment

26  rights by demonstrating peacefully, and or doing their duties as members of the media

27  in full accordance with the law. Yet, without provocation or legitimate law enforcement

28  purpose, and without reasonable or adequate warning, the Seattle Police Department

29  and its agents used excessive force against the Plaintiffs and made an unreasonable

30  seizure of the Plaintiffs by violating their rights under the Fourth, and Fourteenth

31  Amendments to the United States Constitution; and rights under the Washington

32  Constitution, the Seattle Police Department unreasonably interfered with Plaintiffs'

33  First Amendment Rights and as a result Plaintiffs were chilled in the future exercise of

34  their First Amendment Rights; and the Seattle Police Department assaulted and

1   battered Plaintiffs by 1) dousing them with chemical weapons including OC, CS, CN

2   combinations of these, and or similar agents sprayed at close range directly into their

3   faces and/or 2) shooting rubber bullets and other projectiles including "wooden

4   dowels", "flying batons", and "pepper-balls" at Plaintiffs at close range, directly hitting

5   many of the Plaintiffs, and/or 3) .Striking Plaintiffs with hands, feet, batons, bicycles,

6   and other instruments and/or 4) Damaging and or seizing plaintiffs video cameras, still

7   cameras, videotapes and film and/or 5) falsely arresting Plaintiffs    These actions

8   caused Plaintiffs serious physical and emotional harm, detriment and suffering.

9       I.2    The Seattle Police Department has a pattern and practice of flagrantly

10  violating peaceful demonstrators' First Amendment Rights and using excessive force

11  in other demonstrations held in Seattle, Washington on a continuing and regular basis.

12      I.3    Plaintiffs seek compensatory and punitive damages along with injunctive

13          relief and declaratory relief from the defendants pursuant to 42 USC § 1983,

14          and compensatory damages from the City of Seattle pursuant to the

15          Washington Tort Claims Act.

16      I.4    Plaintiffs seek injunctive relief in the form of a court ordered ban on the

17          use of less lethal weaponry including chemical weapons, pepper-balls,

18          rubber bullets, flying batons, wooden dowels, stinger ball grenades, flash

19          bang grenades and other related items for crowd control of peaceful

20          demonstrations.

21
22
23              **I. JURISDICTION**

24
25
26      1. This court has jurisdiction over the subject matter of this action pursuant to

27  Title 28, United States Code Sections 1331, 1332, 1343, and 1367, and venue is

28  properly set in the Western District Federal Court pursuant to 28 U.S.C. 1391.

BARNES ET AL V. CITY OF SEATTLE, COMPLAINT                          11

1       2.  The claims upon which this suit is based occurred in this judicial district.

2       3.  Plaintiffs are informed and believe, and on that basis allege, that each of the

3   named Defendants, except for VANCE PROCTER who is a resident of Los Angeles

4   County, California, reside in this judicial district, and all entity Defendants, except for

5   the Law Enforcement Intelligence Unit, which is a registered California non-profit, are

6   registered and do business in the District as their principal base of operations.

7

8                                **II. PARTIES**

9

10      1.1 Plaintiff ROBERT BARNES is a married male living in the State of

11  Washington, King County, in the Western District of Washington.  He was attending

12  the June 2, 2003 Protest against the Law Enforcement Intelligence Unit.  He was

13  serving as a Police Liaison, at this event.  Police Liaison is a position the police

14  themselves encourage protesters to have at demonstrations.  At approximately 8:20

15  PM, Plaintiff Barnes was attempting to deescalate a crisis that Defendant Sanford and

16  other Defendants were creating and escalating.  Plaintiff was attempting to negotiate

17  with Captain Sanford so that demonstrators could peacefully return to the Westlake

18  Park, several blocks away, and conclude their permitted demonstration.  Multiple

19  Defendant Officers rushed forward, shoving Plaintiff aside, knocking Plaintiff into the

20  air and several feet forward. Plaintiff, along with many demonstrators and bystanders,

21  was then unnecessarily subjected to chemical agents, including pepper spray.  Plaintiff

22  was subjected to repeated exposures to these agents over the next approximately

23  twenty-five minutes as Defendants repeatedly and gratuitously used these agents to

BARNES ET AL V. CITY OF SEATTLE, COMPLAINT                                    12

1     torture the demonstrators.  Plaintiff has suffered long term health consequences as a

2     direct result of this exposure. These include severe asthma, coughing fits so severe

3     they would make him pass out.  Plaintiff has suffered sever limitations as a result of

4     this, and must now take an asthma inhaler with him wherever he goes.

5         1.2 Plaintiff JOSEPH O'CONNOR is a single male residing in Thurston County

6     in the State of Washington.  He is a recent college graduate, and produces

7     programming for a community radio station in Olympia and other media outlets.

8     Plaintiff was present at the permitted protest against the Law Enforcement Intelligence

9     Unit in Seattle Washington on June 2, 2003, and was there to videotape the event.

10     Plaintiff caught the gratuitous, and excessive violence, of the Defendant officers and

11     the gratuitous and unnecessary arrests of other demonstrators by these Defendant

12     officers repeatedly on his video camera.  As result of this, Plaintiff became the target of

13     retaliation by Defendant Officers, was struck directly with a bicycle, and later subjected

14     to direct attacks with chemical agents including pepper spray.

15         1.3 Plaintiff K.L. SHANNON is a single female residing in King County

16     Washington.  She attended the June 2, 2003 demonstration against the Law

17     Enforcement Intelligence Unit in her capacity as a Peacekeeper.  A Peacekeeper is

18     someone who has undergone training in diffusing potentially volatile situations at

19     demonstrations.  At approximately 8:20 PM, as the Defendant officers viciously and

20     gratuitously attacked the demonstrators, Plaintiff strove to move the demonstrators

21     away from the fray, toward Westlake Park.  Defendant Officers gratuitously struck

22     Plaintiff and exposed her to chemicals agents, including pepper spray.  At

23     approximately 8:40 P.M. Defendants gratuitously fired a "less lethal" firearm equipped

1   with an "impact projectile" at Plaintiff's back.  Plaintiff was mere feet from Westlake

2   Park when this gratuitous act occurred and doing exactly what the police were asking

3   by returning to Westlake Park.  Plaintiff still has a scar from this unnecessary act.

4        1.4 Plaintiff ERIC WIRKMAN is a single male residing in King County and

5   employed at the University of Washington in King County.  He does much charity work

6   and frequently volunteers feeding the homeless, or organizing feeds for the homeless.

7   He attended the June 2, 2003 lawfully permitted demonstration against the Law

8   Enforcement Intelligence Unit to exercise his Constitutional Rights.  He along with

9   most of the demonstrators, was in the process of leaving when the police attacked

10  them.  Plaintiff attempted to calm the demonstrators, many of whom were starting to

11  panic.  Defendants' chemical agents struck his face and went into his lungs.

12  Defendants struck him in the legs with their "rubber" bullets.  Outraged by the

13  gratuitous use of force by Defendants, putting on a show for the people inside the Red

14  Lion Inn, Plaintiff and his friends collected much of the ordinance left around the scene

15  to preserve a record.

16        1.5    Plaintiffs have filed CLAIMS with the CITY OF SEATTLE on June 2,

17  2005 (See ATTACHMENTS)  This set a 60 day tolling period that ripens on this day of

18  filing.

19        2.0   The CITY OF SEATTLE is a municipal corporation located within the

20  Western District of Washington, and organized under the laws of the State of

21  Washington.  The SEATTLE POLICE DEPARTMENT is a sub-entity of the CITY OF

22  SEATTLE.

23        2.1   The TUKWILA POLICE DEPARTMENT is a sub-entity of the City of

BARNES ET AL V. CITY OF SEATTLE, COMPLAINT                                    14

1   Tukwila, a municipal corporation located within the Western District of Washington,

2   and organized under the laws of the State of Washington.

3       2.2 The BURIEN POLICE DEPARTMENT is a sub-entity of the City of Burien, a

4   municipal corporation located within the Western District of Washington, and

5   organized under the laws of the State of Washington.

6       2.3 The RENTON POLICE DEPARTMENT is a sub-entity of the City of Renton,

7   a municipal corporation located within the Western District of Washington, and

8   organized under the laws of the State of Washington.

9       2.4 The REDMOND POLICE DEPARTMENT is a sub-entity of the City of

10  Redmond, a municipal corporation located within the Western District of Washington,

11  and organized under the laws of the State of Washington.

12      2.5  The KING COUNTY SHERIFF'S OFFICE is a sub-entity of the COUNTY

13  OF KING, a municipal corporation located within the Western District of Washington,

14  and organized under the laws of the State of Washington.

15      2.6  The LAW ENFORCEMENT INTELLIGENCE UNIT, herein after referred to

16  as the LEIU, is a private non-profit, registered in California, made up virtually entirely

17  of public employees of law enforcement agencies, that does substantial business in

18  Washington, and reasonably and purposely avails itself of the laws of the State of

19  Washington, and was purposefully involved in the incidents herein alleged, and

20  therefore is subject to the jurisdiction of this court.

21      2.7      Captain MICHAEL SANFORD and Jane Doe SANFORD constitute a

22  marital community under the laws of the State of Washington and upon belief reside

23  within KING County within the Western District of Washington State.  Upon belief,

BARNES ET AL V. CITY OF SEATTLE, COMPLAINT                                      15

1   MICHAEL SANFORD was at the time of the injuries complained of in this complaint,

2   an employee and/or agent of the CITY OF SEATTLE and the SEATTLE POLICE

3   DEPARTMENT acting within the scope of his duties as a CAPATIN of the SEATTLE

4   POLICE DEPARTMENT, AND AS THE INCIDENT COMMANDER for the event in

5   question.

6       2.8 R. GIL KERLIKOWSKE and Jane Doe KERLIKOWSKE constitute a marital

7   community under the laws of the State of Washington and upon belief reside within

8   KING County within the Western District of Washington State.  Upon belief, Mike Ware

9   was at the time of the injuries complained of in this complaint, an employee and/or

10   agent of the CITY OF SEATTLE and the SEATTLE POLICE DEPARTMENT acting

11   within the scope of his duties as the CHIEF of the SEATTLE POLICE DEPARTMENT

12       2.9    DEPUTY CHIEF CLARK KIMERER and JANE DOE KIMERER constitute

13   a marital community under the laws of the State of Washington and upon belief reside

14   within KING County within the Western District of Washington State.  Upon belief,

15   CLARK KIMERER was at the time of the injuries complained of in this complaint, an

16   employee and/or agent of the CITY OF SEATTLE and the SEATTLE POLICE

17   DEPARTMENT acting within the scope of his duties as a DEPUTY CHIEF of the

18   SEATTLE POLICE DEPARTMENT.

19       2.10  ASSISTANT CHIEF JIM PUGEL and JANE DOE PUGEL constitute a

20   marital community under the laws of the State of Washington and upon belief reside

21   within KING County within the Western District of Washington State.  Upon belief, Tim

22   JANE DOE PUGEL was at the time of the injuries complained of in this complaint, an

23   employee and/or agent of the CITY OF SEATTLE and the SEATTLE POLICE

BARNES ET AL V. CITY OF SEATTLE, COMPLAINT                                16

1   DEPARTMENT acting within the scope of his duties as an ASSISTANT CHIEF of the

2   SEATTLE POLICE DEPARTMENT.

3       2.11   LIEUTENANT STEVE WILSKE and JANE DOE WILSKE constitute a

4   marital community under the laws of the State of Washington and upon belief reside

5   within KING County within the Western District of Washington State.  Upon belief,

6   STEVE WILSKE was at the time of the injuries complained of in this complaint, an

7   employee and/or agent of the CITY OF SEATTLE and the SEATTLE POLICE

8   DEPARTMENT acting within the scope of his duties as a LIEUTENANT of the

9   SEATTLE POLICE DEPARTMENT.

10       2.12   SERGEANT J.K. DYMENT and JOHN DOE DYMENT constitute a

11   marital community under the laws of the State of Washington and upon belief reside

12   within KING County within the Western District of Washington State.  Upon belief, J.K.

13   DYMENT was at the time of the injuries complained of in this complaint, an employee

14   and/or agent of the CITY OF SEATTLE and the SEATTLE POLICE DEPARTMENT,

15   acting within the scope of her duties as a SERGEANT of the SEATTLE POLICE

16   DEPARTMENT.

17       2.13   SERGEANT A.C. PRICE and JANE DOE PRICE constitute a marital

18   community under the laws of the State of Washington and upon belief reside within

19   KING County within the Western District of Washington State.  Upon belief, A.C

20   PRICE was at the time of the injuries complained of in this complaint, an employee

21   and/or agent of the CITY OF SEATTLE acting within the scope of his duties as a

22   SERGEANT of the SEATTLE POLICE DEPARTMENT.

23       2.14   LIEUTENANT G. CALDER and JANE DOE CALDER constitute a marital

1   community under the laws of the State of Washington and upon belief reside within

2   KING County within the Western District of Washington State.  Upon belief, G.

3   CALDER was at the time of the injuries complained of in this complaint, an employee

4   and/or agent of the CITY OF SEATTLE acting within the scope of his duties as a

5   LIEUTENANT of the SEATTLE POLICE DEPARTMENT.

6       2.15   LIEUTENANT J.J. JANKAUSKAS and JANE DOE JANKAUSKAS

7   constitute a marital community under the laws of the State of Washington and upon

8   belief reside within KING County within the Western District of Washington State.

9   Upon belief, J.J. JANKAUSKAS was at the time of the injuries complained of in this

10   complaint, an employee and/or agent of the CITY OF SEATTLE acting within the

11   scope of his duties as a LIEUTENANT of the SEATTLE POLICE DEPARTMENT.

12       2.16   SERGEANT M.A. COOMES and JANE DOE COOMES constitute a

13   marital community under the laws of the State of Washington and upon belief reside

14   within KING County within the Western District of Washington State.  Upon belief, M.A.

15   COOMES was at the time of the injuries complained of in this complaint, an employee

16   and/or agent of the CITY OF SEATTLE acting within the scope of his duties as a

17   SERGEANT of the SEATTLE POLICE DEPARTMENT.

18       2.17   SERGEANT D.R. LOWE and JANE DOE LOWE constitute a marital

19   community under the laws of the State of Washington and upon belief reside within

20   KING County within the Western District of Washington State.  Upon belief, D.R.

21   LOWE was at the time of the injuries complained of in this complaint, an employee

22   and/or agent of the CITY OF SEATTLE acting within the scope of his duties as a

23   SERGEANT of the SEATTLE POLICE DEPARTMENT.

1   2.18   SERGEANT J.J. MAGAN and JANE DOE MAGAN constitute a marital

2 community under the laws of the State of Washington and upon belief reside within

3 KING County within the Western District of Washington State.  Upon belief, J.J.

4 MAGAN was at the time of the injuries complained of in this complaint, an employee

5 and/or agent of the CITY OF SEATTLE acting within the scope of his duties as a

6 SERGEANT of the SEATTLE POLICE DEPARTMENT.

7   2.19   SERGEANT BRADY and JANE DOE BRADY constitute a marital

8 community under the laws of the State of Washington and upon belief reside within

9 KING County within the Western District of Washington State.  Upon belief, SGT.

10 BRADY was at the time of the injuries complained of in this complaint, an employee

11 and/or agent of the CITY OF SEATTLE acting within the scope of his duties as a

12 SERGEANT of the SEATTLE POLICE DEPARTMENT.

13   2.20   SERGEANT BROTHERTON and JANE DOE BROTHERTON constitute a

14 marital community under the laws of the State of Washington and upon belief reside

15 within KING County within the Western District of Washington State.  Upon belief,

16 SGT. BROTHERTON was at the time of the injuries complained of in this complaint,

17 an employee and/or agent of the CITY OF SEATTLE acting within the scope of his

18 duties as a SERGEANT of the SEATTLE POLICE DEPARTMENT.

19   2.21   DETECTIVE R. ROMERO and JANE DOE ROMERO constitute a marital

20 community under the laws of the State of Washington and upon belief reside within

21 KING County within the Western District of Washington State.  Upon belief, R.

22 ROMERO was at the time of the injuries complained of in this complaint, an employee

23 and/or agent of the CITY OF SEATTLE acting within the scope of his duties as a

1    DETECTIVE of the SEATTLE POLICE DEPARTMENT.

2        2.22   P.C. WALL and JANE DOE WALL constitute a marital community under

3    the laws of the State of Washington and upon belief reside within KING County within

4    the Western District of Washington State.  Upon belief, P.C. WALL was at the time of

5    the injuries complained of in this complaint, an employee and/or agent of the CITY OF

6    SEATTLE acting within the scope of his duties as an OFFICER of the SEATTLE

7    POLICE DEPARTMENT.

8        2.23   D.D. DARNALL and JANE DOE DARNALL constitute a marital

9    community under the laws of the State of Washington and upon belief reside within

10   KING County within the Western District of Washington State.  Upon belief, D.D.

11   DARNAL was at the time of the injuries complained of in this complaint, an employee

12   and/or agent of the CITY OF SEATTLE acting within the scope of his duties as an

13   OFFICER of the SEATTLE POLICE DEPARTMENT.

14       2.24   R. NELSON and JANE DOE NELSON constitute a marital community

15   under the laws of the State of Washington and upon belief reside within KING County

16   within the Western District of Washington State.  Upon belief, R. NELSON was at the

17   time of the injuries complained of in this complaint, an employee and/or agent of the

18   CITY OF SEATTLE acting within the scope of his duties as an OFFICER of the

19   SEATTLE POLICE DEPARTMENT.

20       2.25   G. NELSON and JANE DOE NELSON constitute a marital community

21   under the laws of the State of Washington and upon belief reside within KING County

22   within the Western District of Washington State.  Upon belief, G. NELSON was at the

23   time of the injuries complained of in this complaint, an employee and/or agent of the

1  CITY OF SEATTLE acting within the scope of his duties as a SERGEANT of the

2  SEATTLE POLICE DEPARTMENT.

3      2.26  MATTHEW M. DIESZI and JANE DOE DIESZI constitute a marital

4  community under the laws of the State of Washington and upon belief reside within

5  KING County within the Western District of Washington State.  Upon belief,

6  MATTHEW M. DIESZI was at the time of the injuries complained of in this complaint,

7  an employee and/or agent of the CITY OF SEATTLE acting within the scope of his

8  duties as an OFFICER of the SEATTLE POLICE DEPARTMENT.

9      2.27  K. SWANK and JANE DOE SWANK constitute a marital community

10  under the laws of the State of Washington and upon belief reside within KING County

11  within the Western District of Washington State.  Upon belief, K. SWANK was at the

12  time of the injuries complained of in this complaint, an employee and/or agent of the

13  CITY OF SEATTLE acting within the scope of his duties as an OFFICER of the

14  SEATTLE POLICE DEPARTMENT.

15      2.28  TAD K. WILLOUGHBY and JANE DOE WILLOUGHBY constitute a

16  marital community under the laws of the State of Washington and upon belief reside

17  within KING County within the Western District of Washington State.  Upon belief, TAD

18  K. WILLOUGHBY was at the time of the injuries complained of in this complaint, an

19  employee and/or agent of the CITY OF SEATTLE acting within the scope of his duties

20  as an OFFICER of the SEATTLE POLICE DEPARTMENT.

21      2.29  MICHAEL WHIDBEY and JANE DOE WHIDBEY constitute a marital

22  community under the laws of the State of Washington and upon belief reside within

23  KING County within the Western District of Washington State.  Upon belief, MICHAEL

1   WHIDBEY was at the time of the injuries complained of in this complaint, an employee

2   and/or agent of the CITY OF SEATTLE acting within the scope of his duties as a

3   DETECTIVE of the SEATTLE POLICE DEPARTMENT.

4        2.30   VERNER O'QUIN and JANE DOE O'QUIN constitute a marital

5   community under the laws of the State of Washington and upon belief reside within

6   KING County within the Western District of Washington State.  Upon belief, VERNER

7   O'QUIN was at the time of the injuries complained of in this complaint, an employee

8   and/or agent of the CITY OF SEATTLE acting within the scope of his duties as a

9   SERGEANT of the SEATTLE POLICE DEPARTMENT.

10       2.31   SGT. JANDOC and JANE DOE JANDOC constitute a marital community

11  under the laws of the State of Washington and upon belief reside within KING County

12  within the Western District of Washington State.  Upon belief, SGT. JANDOC was at

13  the time of the injuries complained of in this complaint, an employee and/or agent of

14  the CITY OF SEATTLE acting within the scope of his duties as a SERGEANT of the

15  SEATTLE POLICE DEPARTMENT.

16       2.32   OFFICER LANDERS and JANE DOE LANDERS constitute a marital

17  community under the laws of the State of Washington and upon belief reside within

18  KING County within the Western District of Washington State.  Upon belief, OFFICER

19  LANDERS was at the time of the injuries complained of in this complaint, an employee

20  and/or agent of the CITY OF SEATTLE acting within the scope of his duties as an

21  OFFICER of the SEATTLE POLICE DEPARTMENT.

22       2.33   LOREN R. STREET and JANE DOE STREET constitute a marital

23  community under the laws of the State of Washington and upon belief reside within

BARNES ET AL V. CITY OF SEATTLE, COMPLAINT                                    22

1    KING County within the Western District of Washington State.  Upon belief, LOREN R.

2    STREET was at the time of the injuries complained of in this complaint, an employee

3    and/or agent of the CITY OF SEATTLE acting within the scope of his duties as an

4    OFFICER of the SEATTLE POLICE DEPARTMENT.

5         2.34   P.J. FOX and JANE DOE FOX constitute a marital community under the

6    laws of the State of Washington and upon belief reside within KING County within the

7    Western District of Washington State.  Upon belief, P.J. FOX was at the time of the

8    injuries complained of in this complaint, an employee and/or agent of the CITY OF

9    SEATTLE acting within the scope of his duties as an OFFICER of the SEATTLE

10   POLICE DEPARTMENT.

11        2.35   THOMAS M. MOONEY and JANE DOE MOONEY constitute a marital

12   community under the laws of the State of Washington and upon belief reside within

13   KING County within the Western District of Washington State.  Upon belief, THOMAS

14   M. MOONEY was at the time of the injuries complained of in this complaint, an

15   employee and/or agent of the CITY OF SEATTLE acting within the scope of his duties

16   as an OFFICER of the SEATTLE POLICE DEPARTMENT.

17        2.36   K. ZEIGER and JANE DOE K. ZEIGER constitute a marital community

18   under the laws of the State of Washington and upon belief reside within KING County

19   within the Western District of Washington State.  Upon belief, K. ZEIGER was at the

20   time of the injuries complained of in this complaint, an employee and/or agent of the

21   CITY OF SEATTLE acting within the scope of his duties as an OFFICER of the

22   SEATTLE POLICE DEPARTMENT.

23        2.37   J.J. LEE and JANE DOE LEE constitute a marital community under the

1  laws of the State of Washington and upon belief reside within KING County within the

2  Western District of Washington State.  Upon belief, J.J. LEE was at the time of the

3  injuries complained of in this complaint, an employee and/or agent of the CITY OF

4  SEATTLE acting within the scope of his duties as an OFFICER of the SEATTLE

5  POLICE DEPARTMENT.

6      2.38  RIK K. HALL and JANE DOE HALL constitute a marital community under

7  the laws of the State of Washington and upon belief reside within KING County within

8  the Western District of Washington State.  Upon belief, RIK K. HALL was at the time of

9  the injuries complained of in this complaint, an employee and/or agent of the CITY OF

10  SEATTLE acting within the scope of his duties as an OFFICER of the SEATTLE

11  POLICE DEPARTMENT.

12      2.39  M. LANZ and JANE DOE LANZ constitute a marital community under

13  the laws of the State of Washington and upon belief reside within KING County within

14  the Western District of Washington State.  Upon belief, M. LANZ was at the time of the

15  injuries complained of in this complaint, an employee and/or agent of the CITY OF

16  SEATTLE acting within the scope of his duties as an OFFICER of the SEATTLE

17  POLICE DEPARTMENT.

18      2.40  PATRICIA A. MACDONALD and JOHN DOE MACDONALD constitute a

19  marital community under the laws of the State of Washington and upon belief reside

20  within KING County within the Western District of Washington State.  Upon belief,

21  PATRICIA A. MACDONALD was at the time of the injuries complained of in this

22  complaint, an employee and/or agent of the CITY OF SEATTLE acting within the

23  scope of her duties as an OFFICER of the SEATTLE POLICE DEPARTMENT.

1       2.41   WALTER M. HAYDEN and JANE DOE HAYDEN constitute a marital

2   community under the laws of the State of Washington and upon belief reside within

3   KING County within the Western District of Washington State.  Upon belief, WALTER

4   M. HAYDEN was at the time of the injuries complained of in this complaint, an

5   employee and/or agent of the CITY OF SEATTLE acting within the scope of his duties

6   as an OFFICER of the SEATTLE POLICE DEPARTMENT.

7       2.42   MARK A. GRINSTEAD and JANE DOE GRINSTEAD constitute a marital

8   community under the laws of the State of Washington and upon belief reside within

9   KING County within the Western District of Washington State.  Upon belief, MARK A.

10   GRINSTEAD was at the time of the injuries complained of in this complaint, an

11   employee and/or agent of the CITY OF SEATTLE acting within the scope of his duties

12   as an OFFICER of the SEATTLE POLICE DEPARTMENT.

13       2.43   TOMMIE M. DORAN and JANE DOE DORAN constitute a marital

14   community under the laws of the State of Washington and upon belief reside within

15   KING County within the Western District of Washington State.  Upon belief, TOMMIE

16   M. MORAN was at the time of the injuries complained of in this complaint, an

17   employee and/or agent of the CITY OF SEATTLE acting within the scope of his duties

18   as an OFFICER of the SEATTLE POLICE DEPARTMENT.

19       2.44   ADRAIN Z. DIAZ and JANE DOE DIAZ constitute a marital community

20   under the laws of the State of Washington and upon belief reside within KING County

21   within the Western District of Washington State.  Upon belief, ADIAN Z. DIAZ was at

22   the time of the injuries complained of in this complaint, an employee and/or agent of

23   the CITY OF SEATTLE acting within the scope of his duties as a SERGEANT of the

1    SEATTLE POLICE DEPARTMENT.

2        2.45    CHAD L. MCLAUGHLIN and JANE DOE MCLAUGHLIN constitute a

3    marital community under the laws of the State of Washington and upon belief reside

4    within KING County within the Western District of Washington State.  Upon belief,

5    CHAD L. MCLAUGHLIN was at the time of the injuries complained of in this complaint,

6    an employee and/or agent of the CITY OF SEATTLE acting within the scope of his

7    duties as an OFFICER of the SEATTLE POLICE DEPARTMENT.

8        2.46    BRAD CONWAY and JANE DOE CONWAY constitute a marital

9    community under the laws of the State of Washington and upon belief reside within

10   KING County within the Western District of Washington State.  Upon belief, BRAD

11   CONWAY was at the time of the injuries complained of in this complaint, an employee

12   and/or agent of the CITY OF SEATTLE acting within the scope of his duties as an

13   OFFICER of the SEATTLE POLICE DEPARTMENT.

14       2.47    MATTHEW BRADRICK and JANE DOE BRADRICK constitute a marital

15   community under the laws of the State of Washington and upon belief reside within

16   KING County within the Western District of Washington State.  Upon belief,

17   MATTHEW BRADRICK was at the time of the injuries complained of in this complaint,

18   an employee and/or agent of the CITY OF SEATTLE acting within the scope of his

19   duties as an OFFICER of the SEATTLE POLICE DEPARTMENT.

20       2.48    DAVID FITZGERALD and JANE DOE FITZGERALD constitute a marital

21   community under the laws of the State of Washington and upon belief reside within

22   KING County within the Western District of Washington State.  Upon belief, DAVID

23   FITZGERALD was at the time of the injuries complained of in this complaint, an

1   employee and/or agent of the CITY OF SEATTLE acting within the scope of his duties

2   as an OFFICER of the SEATTLE POLICE DEPARTMENT.

3      2.49   RANDALL A. JOKELA and JANE DOE JOKELA constitute a marital

4   community under the laws of the State of Washington and upon belief reside within

5   KING County within the Western District of Washington State.  Upon belief, RANDALL

6   A. JOKELA was at the time of the injuries complained of in this complaint, an

7   employee and/or agent of the CITY OF SEATTLE acting within the scope of his duties

8   as an OFFICER of the SEATTLE POLICE DEPARTMENT.

9      2.50   GEORGE HISSUNG, JR. AND JANE DOE HISSUNG constitute a marital

10  community under the laws of the State of Washington and upon belief reside within

11  KING County within the Western District of Washington State.  Upon belief, GEORGE

12  HISSUNG, JR. was at the time of the injuries complained of in this complaint, an

13  employee and/or agent of the CITY OF SEATTLE acting within the scope of his duties

14  as an OFFICER of the SEATTLE POLICE DEPARTMENT.

15     2.51   JASON G. DRUMMOND AND JANE DOE DRUMMOND constitutes a

16  marital community under the laws of the State of Washington and upon belief resides

17  within KING County within the Western District of Washington State.  Upon belief,

18  JASON G. DRUMMOND was at the time of the injuries complained of in this complaint,

19  an employee and/or agent of the CITY OF SEATTLE acting within the scope of his

20  duties as an OFFICER of the SEATTLE POLICE DEPARTMENT.

21     2.52   JOHN A. DIAZ and JANE DOE DIAZ constitute a marital community

22  under the laws of the State of Washington and upon belief reside within KING County

23  within the Western District of Washington State.  Upon belief, JOHN A. DIAZ was at

1   the time of the injuries complained of in this complaint, an employee and/or agent of

2   the CITY OF SEATTLE acting within the scope of his duties as an OFFICER of the

3   SEATTLE POLICE DEPARTMENT.

4       2.53    OFFICER MCCRAE and JANE DOE MCCRAE constitute a marital

5   community under the laws of the State of Washington and upon belief reside within

6   KING County within the Western District of Washington State.  Upon belief, OFFICER

7   MCCRAE was at the time of the injuries complained of in this complaint, an employee

8   and/or agent of the CITY OF SEATTLE acting within the scope of his duties as an

9   OFFICER of the SEATTLE POLICE DEPARTMENT.

10      2.54    JAMES B. PATCHEN and JANE DOE PATCHEN constitute a marital

11  community under the laws of the State of Washington and upon belief reside within

12  KING County within the Western District of Washington State.  Upon belief, JAMES B.

13  PATCHEN was at the time of the injuries complained of in this complaint, an employee

14  and/or agent of the CITY OF SEATTLE acting within the scope of his duties as an

15  OFFICER of the SEATTLE POLICE DEPARTMENT.

16      2.55    MICHAEL M. SUDDUTH and JANE DOE SUDDUTH constitute a marital

17  community under the laws of the State of Washington and upon belief reside within

18  KING County within the Western District of Washington State.  Upon belief, MICHAEL

19  M. SUDDUTH was at the time of the injuries complained of in this complaint, an

20  employee and/or agent of the CITY OF SEATTLE acting within the scope of his duties

21  as an OFFICER of the SEATTLE POLICE DEPARTMENT.

22      2.56    WILLIE WILLIAMS and JANE DOE WILLIAMS constitute a marital

23  community under the laws of the State of Washington and upon belief reside within

1   KING County within the Western District of Washington State.  Upon belief, WILLIE

2   WILLIAMS was at the time of the injuries complained of in this complaint, an employee

3   and/or agent of the CITY OF SEATTLE acting within the scope of his duties as an

4   OFFICER of the SEATTLE POLICE DEPARTMENT.

5        2.57   W. CRAVENS and JANE DOE CRAVENS constitute a marital

6   community under the laws of the State of Washington and upon belief reside within

7   KING County within the Western District of Washington State.  Upon belief, W.

8   CRAVENS was at the time of the injuries complained of in this complaint, an employee

9   and/or agent of the CITY OF SEATTLE acting within the scope of his duties as an

10  OFFICER of the SEATTLE POLICE DEPARTMENT.

11       2.58   R. BOURNES and JANE DOE BOURNES constitute a marital

12  community under the laws of the State of Washington and upon belief reside within

13  KING County within the Western District of Washington State.  Upon belief, R.

14  BOURNES was at the time of the injuries complained of in this complaint, an employee

15  and/or agent of the CITY OF SEATTLE acting within the scope of his duties as an

16  OFFICER of the SEATTLE POLICE DEPARTMENT.

17       2.59   MARK L. WORSTMAN and JANE DOE WORSTMAN constitute a marital

18  community under the laws of the State of Washington and upon belief reside within

19  KING County within the Western District of Washington State.  Upon belief, MARK L.

20  WORSTMAN was at the time of the injuries complained of in this complaint, an

21  employee and/or agent of the CITY OF SEATTLE acting within the scope of his duties

22  as a SERGEANT of the SEATTLE POLICE DEPARTMENT.

23       2.60   BILL GARDINER and JANE DOE GARDINER constitute a marital

BARNES ET AL V. CITY OF SEATTLE, COMPLAINT                                29

1   community under the laws of the State of Washington and upon belief reside within

2   KING County within the Western District of Washington State.  Upon belief, BILL

3   GARDINER was at the time of the injuries complained of in this complaint, under a

4   material aid agreement an employee and/or agent of the CITY OF SEATTLE acting

5   within the scope of his duties as a LIEUTENANT of the WASHINGTON STATE

6   PATROL.

7         2.61    MARK W. LAMOREAUX and JANE DOE LAMOREAUX constitute a

8   marital community under the laws of the State of Washington and upon belief reside

9   within KING County within the Western District of Washington State.  Upon belief,

10   MARK W. LAMOREAUX was at the time of the injuries complained of in this complaint,

11   under a material aid agreement an employee and/or agent of the CITY OF SEATTLE

12   acting within the scope of his duties as a LIEUTENANT of the WASHINGTON STATE

13   PATROL.

14         2.62    SHAWN BERRY and JANE DOE BERRY constitute a marital community

15   under the laws of the State of Washington and upon belief reside within KING County

16   within the Western District of Washington State.  Upon belief, SHAWN BERRY was at

17   the time of the injuries complained of in this complaint, under a material aid agreement

18   an employee and/or agent of the CITY OF SEATTLE acting within the scope of his

19   duties as a DETECTIVE of the WASHINGTON STATE PATROL.

20         2.63    JAMES A. CHROMEY and JANE DOE CHROMEY constitute a marital

21   community under the laws of the State of Washington and upon belief reside within

22   KING County within the Western District of Washington State.  Upon belief, JAMES A.

23   CHROMEY was at the time of the injuries complained of in this complaint, under a

1     material aid agreement an employee and/or agent of the CITY OF SEATTLE acting

2     within the scope of his duties as a LIEUTENANT of the WASHINGTON STATE

3     PATROL.

4          2.64    DAVID W. BOURLAND and JANE DOE BOURLAND constitute a marital

5     community under the laws of the State of Washington and upon belief reside within

6     KING County within the Western District of Washington State.  Upon belief, DAVID W.

7     BOURLAND was at the time of the injuries complained of in this complaint, under a

8     material aid agreement an employee and/or agent of the CITY OF SEATTLE acting

9     within the scope of his duties as a TROOPER of the WASHINGTON STATE PATROL.

10          2.65    CURT G. BOYLE and JANE DOE BOYLE constitute a marital

11    community under the laws of the State of Washington and upon belief reside within

12    KING County within the Western District of Washington State.  Upon belief, CURT G.

13    BOYLE was at the time of the injuries complained of in this complaint, under a material

14    aid agreement an employee and/or agent of the CITY OF SEATTLE acting within the

15    scope of his duties as a TROOPER of the WASHINGTON STATE PATROL.

16          2.66    RICARDO BRITO and JANE DOE BRITO constitute a marital community

17    under the laws of the State of Washington and upon belief reside within KING County

18    within the Western District of Washington State.  Upon belief, RICARDO BRITO was at

19    the time of the injuries complained of in this complaint, under a material aid agreement

20    an employee and/or agent of the CITY OF SEATTLE acting within the scope of his

21    duties as a TROOPER of the WASHINGTON STATE PATROL.

22          2.67    DARIN F. DE RUWE and JANE DOE DE RUWE constitute a marital

23    community under the laws of the State of Washington and upon belief reside within

1   KING County within the Western District of Washington State.  Upon belief, DARIN F.

2   DE RUWE was at the time of the injuries complained of in this complaint, under a

3   material aid agreement an employee and/or agent of the CITY OF SEATTLE acting

4   within the scope of his duties as a TROOPER of the WASHINGTON STATE PATROL.

5       2.68   BRYAN R. DUCOMMUN and JANE DOE DUCOMMUN constitute a

6   marital community under the laws of the State of Washington and upon belief reside

7   within KING County within the Western District of Washington State.  Upon belief,

8   BRYAN R. DUCOMMUN was at the time of the injuries complained of in this complaint,

9   under a material aid agreement an employee and/or agent of the CITY OF SEATTLE

10   acting within the scope of his duties as a TROOPER of the WASHINGTON STATE

11   PATROL.

12       2.69   ANN E. DUTTON and JOHN DOE DUTTON constitute a marital

13   community under the laws of the State of Washington and upon belief reside within

14   KING County within the Western District of Washington State.  Upon belief, ANN E.

15   DUTTON was at the time of the injuries complained of in this complaint, under a

16   material aid agreement an employee and/or agent of the CITY OF SEATTLE acting

17   within the scope of her duties as a DETECTIVE of the WASHINGTON STATE

18   PATROL.

19       2.70   KEVIN L. FORRESTER and JANE DOE FORRESTER constitute a

20   marital community under the laws of the State of Washington and upon belief reside

21   within KING County within the Western District of Washington State.  Upon belief,

22   KEVIN L. FORRESTER was, at the time of the injuries complained of in this complaint,

23   under a material aid agreement an employee and/or agent of the CITY OF SEATTLE

1  acting within the scope of his duties as a DETECTIVE of the WASHINGTON STATE

2  PATROL.

3      2.71   JOEL W. GORDON and JANE DOE GORDON constitute a marital

4  community under the laws of the State of Washington and upon belief reside within

5  KING County within the Western District of Washington State.  Upon belief, JOEL W.

6  GORDON was at the time of the injuries complained of in this complaint, under a

7  material aid agreement an employee and/or agent of the CITY OF SEATTLE acting

8  within the scope of his duties as a DETECTIVE of the WASHINGTON STATE

9  PATROL.

10      2.72   CHRIS T. GUNDERMANN and JANE DOE GUNDERMANN constitute a

11  marital community under the laws of the State of Washington and upon belief reside

12  within KING County within the Western District of Washington State.  Upon belief,

13  CHRIS T. GUNDERMANN was at the time of the injuries complained of in this

14  complaint, under a material aid agreement an employee and/or agent of the CITY OF

15  SEATTLE acting within the scope of his duties as a SERGEANT of the WASHINGTON

16  STATE PATROL.

17      2.73   JOI J. HANER and JOHN DOE HANER constitute a marital community

18  under the laws of the State of Washington and upon belief reside within KING County

19  within the Western District of Washington State.  Upon belief, JOI J. HANER was at the

20  time of the injuries complained of in this complaint, under a material aid agreement an

21  employee and/or agent of the CITY OF SEATTLE acting within the scope of her duties

22  as a TROOPER of the WASHINGTON STATE PATROL.

23      2.74   ROGER D. HANSBERRY and JANE DOE HANSBERRY constitute a

BARNES ET AL V. CITY OF SEATTLE, COMPLAINT                                    33

1    marital community under the laws of the State of Washington and upon belief reside

2    within KING County within the Western District of Washington State.  Upon belief,

3    ROGER D. HANSBERRY was at the time of the injuries complained of in this

4    complaint, under a material aid agreement an employee and/or agent of the CITY OF

5    SEATTLE acting within the scope of his duties as a TROOPER of the WASHINGTON

6    STATE PATROL.

7        2.75   RUSSELL J. HANSON and JANE DOE HANSON constitute a marital

8    community under the laws of the State of Washington and upon belief reside within

9    KING County within the Western District of Washington State.  Upon belief, RUSSELL

10    J. HANSON was at the time of the injuries complained of in this complaint, under a

11    material aid agreement an employee and/or agent of the CITY OF SEATTLE acting

12    within the scope of his duties as a TROOPER of the WASHINGTON STATE PATROL.

13        2.76   JEFFREY R. KERSHAW and JANE DOE KERSHAW constitute a

14    marital community under the laws of the State of Washington and upon belief reside

15    within KING County within the Western District of Washington State.  Upon belief,

16    JEFFREY R. KERSHAW was at the time of the injuries complained of in this complaint,

17    under a material aid agreement an employee and/or agent of the CITY OF SEATTLE

18    acting within the scope of his duties as a DETECTIVE of the WASHINGTON STATE

19    PATROL.

20        2.77   DANIEL L. MANN and JANE DOE MANN constitute a marital community

21    under the laws of the State of Washington and upon belief reside within KING County

22    within the Western District of Washington State.  Upon belief, DANIEL L. MANN was at

23    the time of the injuries complained of in this complaint, under a material aid agreement

1   an employee and/or agent of the CITY OF SEATTLE acting within the scope of his

2   duties as a DETECTIVE of the WASHINGTON STATE PATROL.

3       2.79   GEORGE R. MARS and JANE DOE MARS constitute a marital

4   community under the laws of the State of Washington and upon belief reside within

5   KING County within the Western District of Washington State.  Upon belief, GEORGE

6   R. MARS was at the time of the injuries complained of in this complaint, under a

7   material aid agreement an employee and/or agent of the CITY OF SEATTLE acting

8   within the scope of his duties as a DETECTIVE of the WASHINGTON STATE

9   PATROL.

10       2.80   JOHN G. MCMULLEN and JANE DOE MCMULLEN constitute a marital

11   community under the laws of the State of Washington and upon belief reside within

12   KING County within the Western District of Washington State.  Upon belief, JOHN G.

13   MCMULLEN was at the time of the injuries complained of in this complaint, under a

14   material aid agreement an employee and/or agent of the CITY OF SEATTLE acting

15   within the scope of his duties as a TROOPER of the WASHINGTON STATE PATROL.

16       2.81   DARRELL R. NOYES and JANE DOE NOYES constitute a marital

17   community under the laws of the State of Washington and upon belief reside within

18   KING County within the Western District of Washington State.  Upon belief, DARRELL

19   R. NOYES was at the time of the injuries complained of in this complaint, under a

20   material aid agreement an employee and/or agent of the CITY OF SEATTLE acting

21   within the scope of his duties as a TROOPER of the WASHINGTON STATE PATROL.

22       2.82   STEVEN E. REEVES and JANE DOE REEVES constitute a marital

23   community under the laws of the State of Washington and upon belief reside within

BARNES ET AL V. CITY OF SEATTLE, COMPLAINT                                    35

1   KING County within the Western District of Washington State.  Upon belief, STEVEN

2   E. REEVES was at the time of the injuries complained of in this complaint, under a

3   material aid agreement an employee and/or agent of the CITY OF SEATTLE acting

4   within the scope of his duties as a TROOPER of the WASHINGTON STATE PATROL.

5        2.83    WESLEY H. RETHWILL and JANE DOE RETHWILL constitute a marital

6   community under the laws of the State of Washington and upon belief reside within

7   KING County within the Western District of Washington State.  Upon belief, WESLEY

8   H. RETHWILL was at the time of the injuries complained of in this complaint, under a

9   material aid agreement an employee and/or agent of the CITY OF SEATTLE acting

10  within the scope of his duties as a SERGEANT of the WASHINGTON STATE

11  PATROL.

12       2.84    CRAIG L. SAHLINGER and JANE DOE SAHLINGER constitute a

13  marital community under the laws of the State of Washington and upon belief reside

14  within KING County within the Western District of Washington State.  Upon belief,

15  CRAIG L. SAHLINGER was at the time of the injuries complained of in this complaint,

16  under a material aid agreement an employee and/or agent of the CITY OF SEATTLE

17  acting within the scope of his duties as a TROOPER of the WASHINGTON STATE

18  PATROL.

19       2.85    DAVID J. BROWNE and JANE DOE BROWNE constitute a marital

20  community under the laws of the State of Washington and upon belief reside within

21  KING County within the Western District of Washington State.  Upon belief, DAVID J.

22  BROWNE was at the time of the injuries complained of in this complaint, under a

23  material aid agreement an employee and/or agent of the CITY OF SEATTLE acting

BARNES ET AL V. CITY OF SEATTLE, COMPLAINT                                36

1  within the scope of his duties as a SERGEANT of the WASHINGTON STATE

2  PATROL.

3      2.86    GARY D. GASSELING and JANE DOE GASSELING constitute a marital

4  community under the laws of the State of Washington and upon belief reside within

5  KING County within the Western District of Washington State.  Upon belief, GARY D.

6  GASSELING was at the time of the injuries complained of in this complaint, under a

7  material aid agreement an employee and/or agent of the CITY OF SEATTLE acting

8  within the scope of his duties as a SERGEANT of the WASHINGTON STATE

9  PATROL.

10      2.87  PAUL M. STANEK III and JANE DOE STANEK constitute a marital

11  community under the laws of the State of Washington and upon belief reside within

12  KING County within the Western District of Washington State.  Upon belief, PAUL M.

13  STANEK III was at the time of the injuries complained of in this complaint, under a

14  material aid agreement an employee and/or agent of the CITY OF SEATTLE acting

15  within the scope of his duties as a DETECTIVE of the WASHINGTON STATE

16  PATROL.

17      2.88  RICHARD A. TAYLOR and JANE DOE TAYLOR constitute a marital

18  community under the laws of the State of Washington and upon belief reside within

19  KING County within the Western District of Washington State.  Upon belief, RICHARD

20  A. TAYLOR was at the time of the injuries complained of in this complaint, under a

21  material aid agreement an employee and/or agent of the CITY OF SEATTLE acting

22  within the scope of his duties as a DETECTIVE of the WASHINGTON STATE

23  PATROL.

BARNES ET AL V. CITY OF SEATTLE, COMPLAINT                                    37

1        2.89 GARY M. WILCOX and JANE DOE WILCOX constitute a marital

2    community under the laws of the State of Washington and upon belief reside within

3    KING County within the Western District of Washington State.  Upon belief, GARY M.

4    WILCOX was at the time of the injuries complained of in this complaint, under a

5    material aid agreement an employee and/or agent of the CITY OF SEATTLE acting

6    within the scope of his duties as a DETECTIVE of the WASHINGTON STATE

7    PATROL.

8        2.90 OREST D. WILSON and JANE DOE WILSON constitute a marital

9    community under the laws of the State of Washington and upon belief reside within

10   KING County within the Western District of Washington State.  Upon belief, OREST D.

11   WILSON was at the time of the injuries complained of in this complaint, under a

12   material aid agreement an employee and/or agent of the CITY OF SEATTLE acting

13   within the scope of his duties as a DETECTIVE of the WASHINGTON STATE

14   PATROL.

15       2.91  RONALD W. SERPAS and JANE DOE SERPAS constitute a marital

16   community under the laws of the State of Washington and upon belief reside within

17   KING County within the Western District of Washington State.  Upon belief, RONALD

18   W. SERPAS was at the time of the injuries complained of in this complaint, under a

19   material aid agreement an employee and/or agent of the CITY OF SEATTLE acting

20   within the scope of his duties as the CHIEF of the WASHINGTON STATE PATROL.

21       2.92  DANIEL E. EIKEM and JANE DOE EIKEM constitute a marital community

22   under the laws of the State of Washington and upon belief reside within KING County

23   within the Western District of Washington State.  Upon belief, DANIEL E. EIKEM was

EARNES ET AL V. CITY OF SEATTLE, COMPLAINT                   38

1    at the time of the injuries complained of in this complaint, under a material aid

2    agreement an employee and/or agent of the CITY OF SEATTLE acting within the

3    scope of his duties as a CAPTAIN of the WASHINGTON STATE PATROL.

4        2.93  STEVEN D. MCCULLEY and JANE DOE MCCULLEY constitute a marital

5    community under the laws of the State of Washington and upon belief reside within

6    KING County within the Western District of Washington State.  Upon belief, STEVEN

7    D. MCCULLEY was at the time of the injuries complained of in this complaint, under a

8    material aid agreement an employee and/or agent of the CITY OF SEATTLE acting

9    within the scope of his duties as a LIEUTENANT of the WASHINGTON STATE

10    PATROL.

11        2.94   There are numerous other persons, identities presently unknown to

12    Plaintiffs who are, and were at all times mentioned herein, supervisors, incident

13    commanders, and decision-makers OF THE CITY OF SEATTLE, and the SEATTLE

14    POLICE DEPARTMENT and/or the other involved agencies, who acted in concert with

15    the above named Defendants and who devised or approved the police strategy for

16    responding to the demonstration and police response thereto that are the subject of

17    this action and in doing the things hereinafter alleged, acted under color of state law as

18    agents of the CITY OF SEATTLE and with its full consent and approval.

19        2.95. There are also numerous Does, who are employees and/or Managers or

20    agents of Defendant LEIU who were directly involved in planning, organizing, and

21    orchestrating the response to the demonstration in question, including to Plaintiffs, and

22    are responsible for the harm suffered by Plaintiffs.

23        2.96. DOES 1-500 are, and were at all times mentioned herein, OFFICERS,

BARNES ET AL V. CITY OF SEATTLE, COMPLAINT                                39

1    Supervisors, and the Incident Commander For This Demonstration Of The Police

2    Department Of The CITY OF SEATTLE, Or Other CITY, other Public Agency or

3    Private Actors or Officials involved in the planning, creation, development or exercise

4    of Police Force and Control against the demonstration in question, the response to

5    which is the subject of this action, and in committing the acts and omissions herein

6    alleged hereinafter alleged, acted under color of state law as agents of the CITY OF

7    SEATTLE and the SEATTLE POLICE DEPARTMENT and with its full consent and

8    approval.

9        2.97 DOES 1-100 are MANUFACTURERS OF LESS LETHAL WEAPONRY do

10   substantial business in Washington, and reasonably and purposely avail themselves of

11   the laws of the State of Washington, there product was misrepresented, subject to

12   design flaws, not fit for purpose, and or otherwise improper for the purpose of crowd

13   control at peaceful demonstrations, and was thus involved in the incidents herein

14   alleged, and therefore is subject to the jurisdiction of this court.

15       2.98 DOES 1-100 are DISTRIBUTORS and/or SALES AGENTS OF LESS

16   LETHAL WEAPONRY do substantial business in Washington, and reasonably and

17   purposely avail themselves of the laws of the State of Washington, there product was

18   misrepresented, subject to design flaws, not fit for purpose, and or otherwise improper

19   for the purpose of crowd control at peaceful demonstrations, and was thus involved in

20   the incidents herein alleged, and therefore is subject to the jurisdiction of this court.

21       2.99   This action is brought pursuant to the First, Fourth, Fifth, Eighth, and

22   Fourteenth Amendments to the United States Constitution, Article 1, Section 5 and

23   Article 1, Section 7 of the Washington State Constitution, 42 U.S.C. 1983, 1988,

BARNES ET AL V. CITY OF SEATTLE, COMPLAINT                                    40

1   Revised Code of Washington Title 9, Chapter 62, Section 10(1), Washington State

2   common law prohibiting assault, battery, intentional infliction of emotional distress,

3   false arrest and false imprisonment, and misappropriation of or damage to personal

4   property, Washington common law negligence.

5        2.100.  Captain SANFORD was himself at the scene, involved in the decision-

6   making and active in creating the Constitutional and other legal violations that

7   occurred and that are the subject of this action.

8        2.101  Between June 3 2003 and June 2, 2004, Plaintiffs served Defendant

9   CITY OF SEATTLE with Notices of Claim, which were acknowledged by the county

10  shortly thereafter.  Substantially more than 60 days has gone by since the service of

11  those claims without an acceptance or rejection.  Therefore Plaintiffs have fulfilled their

12  obligations under the statute.

13

14               **III. FACTS a) Overall**

15       3.1    Plaintiffs were participants in a permitted, peaceful, and lawful

16  demonstration against the Law Enforcement Intelligence Unit (LEIU.) This

17  demonstration was permitted by the city and the police.  In the course of this permitted

18  demonstration Plaintiffs were subjected to unreasonable force.  All plaintiffs were

19  subjected to improper uses of "less lethal" weaponry, including chemical agents,

20  rubber balls, wooden dowels, batons and "pepper-ball rounds" and/or other improper

21  uses of force.  All Plaintiffs suffered physical and or psychological injuries, and lost

22  their Constitutional Rights including their First Amendment rights.

23       **Background**

BARNES ET AL V. CITY OF SEATTLE, COMPLAINT                    41